IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE OF THE IGLOO SERIES III TRUST, | § § § § § | |
| Plaintiff, | § § § | |
| VS. | § § § | Civil Action No. _____ |
| MICHEAL S. DOUGHERTY, JZAVELA-ARETHA DOUGHERTY, DATTAJUSTIN TOSHIHIRO DOUGHERTY-WILLIAMS, AND INTERNATIONAL BANK OF COMMERCE, Defendants. | § § § § § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

NOW COMES, U.S. BANK TRUST N.A., AS TRUSTEE OF THE IGLOO SERIES III TRUST ("Plaintiff"), Plaintiff, and files this Original Complaint and, respectfully showing the Court the following:

**I. PARTIES**

1. Plaintiff U.S. Bank Trust, National Association ("U.S. Bank") is a national bank and is the trustee of IGLOO SERIES III TRUST. The citizenship of the trustee controls the determination of the citizenship of a trust for purposes of diversity jurisdiction. U.S. Bank is, and at all times relevant to this action was, a national bank with its main office located in Wilmington, Delaware. A national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). Thus, Plaintiff is a citizen of Delaware, and no other state, for purposes of diversity jurisdiction.

2. **MICHAEL S. DOUGHERTY** is an individual and citizen of the State of Illinois, who may be served with process at 21198 Lisa Lane, Steger, Illinois 60475, or such other place as he may be found. Summons is requested.

3. **JZAVELA-ARETHA DOUGHERTY** is an individual and citizen of the State of Texas, who may be served with process at 2534 Splintwood Court, Kingwood, Texas 77345, or such other place as he may be found. Summons is requested.

4. **DATTAJUSTIN TOSHIHIRO DOUGHERTY-WILLIAMS** is an individual and citizen of the State of Texas, who may be served with process at 2534 Splintwood Court, Kingwood, Texas 77345, or such other place as he may be found. Summons is requested.

5. **INTERNATIONAL BANK OF COMMERCE** is a charted Texas state bank, and as such, is a citizen of the State of Texas, who may be served with process by serving its registered agent for service by serving its President Dennis E. Nixon or any officer of International Bank of Commerce at 3800 Maple Ave., Dallas, Texas 75219 or such other place as he or she may be found may be found. Summons is requested.

## II. PROPERTY

6. This proceeding concerns the real property and improvements located at:

> **LOT FORTY-TWO (42), IN BLOCK TWO (2), OF VILLAGES OF RIVERCHASE, SECTION ONE (1), AN ADDITION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER FILM CODE NO. 580158 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.**

commonly known as 2534 Splintwood Court, Kingwood, Texas 77345 (the "Property"), which was vested into Defendant Michael S. Dougherty under a Warranty Deed with Vendor's lien recorded in the Real Property Records for Harris County, Texas on September 25, 2007 under

Instrument Number 20070584452. A true and correct copy of the deed is attached hereto as **Exhibit "A."**

### III. DIVERSITY JURISDICTION AND VENUE

7. This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

8. As set forth herein in Paragraph II (Parties) above, there is a complete diversity between the Plaintiff and Defendants since Plaintiff is a citizen of Delaware and Defendants are citizens of Illinois and Texas, respectively.

9. The amount in controversy exceeds $75,000.00, as Plaintiff seeks judgment against Defendant Michael S. Dougherty for breach of a promissory note in the original principal amount of $264,800.00, with a payoff under the Note is in the amount of $327,000.00 is due as of November 5, 2019. In addition, Plaintiff also seeks judicial foreclosure on the Property under the terms of the deed of trust (as defined below) which secures said promissory note. Accordingly, the amount in controversy is met.

10. Because the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship among the parties, this Court has jurisdiction over this matter.

11. Venue is proper in the Southern District of Texas, Houston Division, under 28 U.S.C. Section 1391(a)(2) because this suit concerns title to real property located in Harris County, Texas.

## IV. FACTS

12. The foregoing paragraphs are incorporated by reference for all purposes.

13. On or about February 27, 2009, Defendant Michael S. Dougherty executed a Promissory Note (the "Note") in the principal amount of $264,800.00, originally payable to Network Funding, L.P., which is now held by Plaintiff. A true and correct copy of the Note, and all allonges and endorsements into Plaintiff, is attached hereto as **Exhibit "B."**

14. Concurrently with the execution of the Note, Defendant Michael S. Dougherty and Jzavela-Aretha Dougherty as Pro Forma executed a Deed of Trust ("Deed of Trust") to secure the Note. The Deed of Trust Instrument is recorded in the Real Property Records for Harris County, Texas as Instrument Number 200901533076. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit "C."**

15. The Deed of Trust was transferred as follows:

   a. Assignment of Deed of Trust, recorded on August 14, 2014 in the Real Property Records for Harris County, Texas as Instrument Number 20140361320 from Mortgage Electronic Registration Systems, Inc., as nominee for Network Funding, Limited Partnership to Wells Fargo N.A. A true and correct copy of the Security Instrument is attached hereto as **Exhibit "D."**

   b. Assignment of Deed of Trust, recorded on October 6, 2017 in the Real Property Records for Harris County, Texas as Instrument Number 2017440520 from Wells Fargo N.A. to U.S. Bank Trust, N.A., As Trustee of the Igloo Series III Trust. A true and correct copy of the Security Instrument is attached hereto as **Exhibit "E."**

16. A default occurred under the terms of the Note and Deed of Trust. Notice of default was sent to Defendant Michael S. Dougherty with an opportunity to cure the default. The default was not cured, and maturity under the Note was accelerated. More than $327,000.00 is due as of November 5, 2019 under the terms of the Note and Deed of Trust.

17. Defendant **INTERNATIONAL BANK OF COMMERCE** ("IBC BANK") claims an interest in the Property by virtue of deed of trust filed of record under on April 14, 2009 under Instrument No. 2009-0153078 in the Real Property Records of Harris County, Texas ("Second Lien Deed of Trust"). This claim is inferior to the Deed of Trust lien held by Plaintiff and is subject to elimination. A true and correct copy of the Second Lien Deed of Trust is attached hereto as **Exhibit "F."** Defendant IBC Bank is joined herein as a Defendant In Rem as to the Property.

18. A deed purporting to transfer an interest in the Property to Defendants Jazavela-Arethea Daugherty and Dattajustin Daugherty was filed of record under Instrument No. 2017-384121 in the Real Property Records for Harris County, Texas, which was re-recorded on October 23, 2019 under Instrument No. 2019-470837 in the Real Property Records for Harris County, Texas ("Second Deed"). It is Plaintiff's contention that the Second Deed is invalid and unenforceable against the Property, since Jazavel-Arethea Daugherty never held title ownership to the Property. Further, this claim is inferior to the Deed of Trust/Security Instrument lien held by Plaintiff and is subject to elimination resulting from foreclosure under the Note & Deed of Trust. A true and correct copy of the Second Deed is attached hereto as **Exhibit "G."** Plaintiff is seeking In Rem relief against said defendants as to the Property.

### V. CAUSE OF ACTION: JUDICIAL FORECLOSURE

19. The foregoing paragraphs are incorporated by reference for all purposes.

20. Plaintiff is the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Deed of Trust. Plaintiff has fully performed its obligations under the Note & Deed of Trust; however, Defendant Michael S. Dougherty did not comply with the terms of the Note & Deed of Trust by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract,

among others). Jzavela-Aretha Dougherty executed the Deed of Trust as a Pro Forma party to secure the Property under said mortgage, and although Defendant Jzavela-Aretha Dougherty is not an obligor under the Note, she is a necessary party for the foreclosure action, as a pro forma party to the Deed of Trust.

21. Plaintiff seeks to judicially foreclose the lien of the Deed of Trust against the Property, in accordance with the terms of the Note and the Deed of Trust and applicable Texas and Federal law. The indebtedness represented by the Note as it pertains to the Deed of Trust and the Property should be declared to be a first and prior lien upon the Property. The claims and liens held by Defendants IBC Bank, Jazavela-Arethea Daugherty and Dattajustin Daugherty should be declared inferior to the Deed of Trust lien held by Plaintiff and eliminated by Plaintiff's foreclosure under the Note & Deed of Trust. Defendants and all persons taking an interest in the encumbered Property should be divested of all right, title, and interest in the Property after the foreclosure sale, and a writ of possession should issue and Defendants and anyone taking an interest under Defendants should be dispossessed of possession of the Property.

22. All necessary pre-conditions to foreclosure have been complied with by Plaintiff as it relates to the Note & Deed of Trust.

## VI. DAMAGES & ATTORNEY'S FEES

23. The foregoing paragraphs are incorporated by reference for all purposes.

24. Based on the breach of the Note, Plaintiff has been damaged in an amount within the jurisdictional limits of the Court and seeks the recovery of damages against Defendant Michael S. Dougherty, personally.

25. Plaintiff has been required to retain the undersigned attorneys to seek judgment for amounts due and an order allowing foreclosure as a result of the delinquency under the Note &

Deed of Trust. Plaintiff is therefore entitled to and seeks judgment against for its reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Note & Deed of Trust signed by Defendant Michael S. Dougherty. Plaintiff seeks an award of attorneys' fees as a further obligation on the Note and as a money judgment against Defendant Michael S. Dougherty personally and not as a money judgment against Defendant Jzavela-Aretha Dougherty, personally or any other In Rem Defendant.

## VIII. PRAYER

**WHEREFORE, PLAINTIFF** requests that upon the final hearing:

1. damages for the unpaid amounts owing to Plaintiff under the Note and the Deed of Trust/Security Interest, which amounts are within the jurisdictional limits of the Court;

2. prejudgment interest as provided by law;

3. attorney's fees as set forth above;

4. costs of court;

5. postjudgment interest on the judgment from its date until paid;

6. establishment that the indebtedness due to the Plaintiff be declared to be a first lien upon the Property as against all Defendants and foreclosure of the Deed of Trust/Security Instrument lien against the Property, the elimination of all inferior liens and for order of sale against the Property, with all necessary writs to be issued, including writs of possession after the foreclosure sale under the order of sale; and such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*/S/ RICHARD E. ANDERSON*
Richard E. Anderson
TX State Bar No. 01209010
SD ID 13090
RAnderson@Andersonvela.com
Ray Vela
TX State Bar No. 00795075
SD ID 20354
RVela@Andersonvela.com
4920 Westport Drive
The Colony, Texas 75056
Telephone:   (214) 297-1545, Ext. 207
Direct No.:   (214) 295-6423
Facsimile:   (214) 276-1546
**COUNSEL FOR PLAINTIFF**