UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| U.S. BANK TRUST, N.A., § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:20-CV-1082 |
| § | |
| MICHAEL S. DOUGHERTY, *et al*, § | |
| § | |
| Defendants. § | |

## **MEMORANDUM & ORDER**

Before the Court is Plaintiff's Motion for Summary Judgment on its judicial foreclosure claims against Defendants Jzavela-Arethea Dougherty, Dattajustin Toshihiro Dougherty, and its in rem claim against International Bank of Commerce. (Doc. 52.)

**I.    BACKGROUND**

This case concerns the real property commonly known as 2534 Splintwood Court, Kingwood, Texas 77345 ("Property").[1] (Doc. 52, Exhibit 2.) On September 25, 2007, the Property was vested in Defendant Michael Dougherty under a Warranty Deed with Vendor's Lien. (Doc. 52, Exhibit 1.) On February 27, 2009, Michael Dougherty executed a promissory note ("Note"), payable to the lender Network Funding, L.P., and which is now held by Plaintiff U.S. Bank Trust, N.A. (Doc. 52, Exhibit 2.) At the same time, Michael Dougherty and Jzavela-Arethea Dougherty executed a Deed of Trust ("Deed of Trust"), securing the Note. (Doc. 52, Exhibit 3.) That Deed of Trust was assigned in 2014 to Wells Fargo and then in 2017 to U.S. Bank Trust. (Doc. 52, Exhibits 4, 5.)

---

[1] The real property is located at: LOT FORTY-TWO (42), IN BLOCK TWO (2), OF VILLAGES OF RIVERCHASE, SECTION ONE (1), AN ADDITION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER FILM CODE NO. 580158 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

In March 2020, Plaintiff U.S. Bank filed this lawsuit to secure judicial foreclosure of the Property. (Doc. 1.) In its complaint, Plaintiff alleged that Defendant Michael Dougherty had failed to comply with the terms of the Note and the Deed of Trust, entitling it to judicially foreclose its lien against the Property. (Doc. 1 ¶¶ 21–22.) On September 14, 2020, U.S. Bank and Michael Dougherty filed a Joint Motion for Entry of Agreed Judgment as to Michael Dougherty, which the Court granted. (Docs. 21, 22, 24.) That Agreed Judgment found a material breach of the Note, allowing U.S. Bank to enforce its rights under the Deed of Trust against the Property. (Doc. 24 ¶ 3.) The Judgment also stated that U.S. Bank is authorized to proceed with a judicial foreclosure sale and, specifically, that the Property "is to be sold free and clear of all interest of Defendant Michael S. Dougherty and of all persons claiming an interest under Michael S. Dougherty by virtue of any instrument filed of record after April 14, 2009 at 8:00 am, the date and time the Deed of Trust was recorded in . . . Harris County, Texas." (Doc. 24 ¶ 4, 7.)

U.S. Bank has additionally submitted evidence that International Bank of Commerce—which is named as a Defendant in this case but has not appeared—has claimed an interest in the Property via a deed of trust filed April 14, 2009. (Doc. 52, Exhibit 7.) U.S. Bank has also submitted evidence that Jzavela-Arethea Dougherty and Dattajustin Dougherty filed in the county records a General Warranty Deed, dated August 24, 2017. (Doc. 52, Exhibits 8, 9.) That document purports to convey an interest in the Property from a "Dougherty" (no first name listed) to Jzavela-Arethea Dougherty and Dattajustin Dougherty for and in consideration of $10.00 (Doc. 52, Exhibit 8), although Michael Dougherty attests in a sworn affidavit that the signature on that document is not his. (Doc. 52, Exhibit 10.)

## II. LEGAL STANDARD

On a motion for summary judgment, the movant can only succeed if there is "no genuine

issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "A fact is material only when it might affect the outcome of the suit under the governing law, and a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake,* 47 F.3d 1459, 1462 (5th Cir. 1995). In deciding a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

### III. DISCUSSION

To be entitled to summary judgment for a judicial foreclosure, "a movant must prove a financial obligation and the lien securing it, a default on the loan, and that the property subject to foreclosure is the same property subject to the lien." *Maldonado v. CitiMortgage, Inc.*, 676 F. App'x 282, 284 (5th Cir. 2017) (citing *Rinard v. Bank of Am.*, 349 S.W.3d 148, 152 (Tex. App.—El Paso 2001, no pet.). In light of the Court's entry of the Agreed Judgment between U.S. Bank and Michael Dougherty and other summary judgment evidence, Plaintiff is conclusively entitled to judicial foreclosure as a matter of law. No evidence presented by Defendants calls into question the material facts in this case—namely, that (1) U.S. Bank is the current legal owner of the Note, secured by the Deed of Trust, (2) that Defendant Michael Dougherty failed to make payments under the Note's terms, and (3) the Property in question is the same property subject to the Note and Deed of Trust. Thus, U.S. Bank is entitled to judicially foreclose its lien of the Deed of Trust against the Property. Further, the interests asserted in the Property by Jzavela-Arethea Dougherty, Dattajustin Dougherty, and International Bank of Commerce are all inferior to U.S. Bank's first

and prior lien upon the Property.

In response, Jzavela-Arethea and Dattajustin Dougherty make a number of assertions, supported by some evidence, that they, not Michael Dougherty, are the true owners of the Property. These assertions stem from the divorce between Jzavela-Arethea and Michael Dougherty (which, it is argued, divested Michael of his ownership in the property) and other documents purporting to convey ownership from Michael to Jzavela-Arethea and Dattajustin. (Doc. 55.) These arguments are to no avail. Even accepting as true the factual basis for these arguments, it is well-settled that "debts incurred during marriage are community obligations" and that "a division of the community estate may not prejudice the rights of a creditor to satisfy a community debt." *Rush v. Montgomery Ward*, 757 S.W.2d 521, 523 (Tex. App—Houston [14th Dist.] 1988, writ denied). But more basically, none of the evidence presented by Defendants in their response calls into question the material facts here—that U.S. Bank's ownership of the Note secured by the Deed of Trust, that the loan is in default, and that U.S. Bank's interest is a first and prior lien on the Property.

## IV.    CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Motion for Summary Judgment (Doc. 52) is **GRANTED** in part, as follows:

- Plaintiff U.S. Bank is entitled to summary judgment on its judicial foreclosure claims against Defendants Jzavela-Arethea Dougherty and Dattajustin Dougherty, and its in rem claim against and International Bank of Commerce;
- Plaintiff U.S. Bank's lien is a first lien against the Property to be enforced by foreclosure by order of sale under a judgment for judicial foreclosure;
- the Agreed Judgment entered by this Court on September 18, 2020 (Doc. 24) is incorporated into this judgment; and

- any objections to the relief granted in this Memorandum and Order shall be filed with this Court or with the United States Court of Appeals for the Fifth Circuit, and not in state court.

All other pending motions in this case are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on March 16, 2021.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE