IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| US BANK TRUST, N.A., AS TRUSTEE OF THE IGLOO SERIES III TRUST, | § § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | Civil Action No. 4:20-CV-01082 |
| | § | |
| MICHAEL S. DOUGHERTY,  JZAVELA-ARETHEA DOUGHERTY, DATTAJUSTIN TOSHIHIRO DOUGHERTY-WILLIAMS, AND INTERNATIONAL BANK OF COMMERCE, | § § § § | |
| Defendants. | § | |

## US BANK'S SECOND MOTION FOR ORDER OF CONTEMPT AGAINST JZAVELA-ARETHEA DOUGHERTY AND FIRST MOTION FOR CONTEMPT AGAINST DATTAJUSTIN DOUGHERTY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES III TRUST, ("U.S. Bank"), requesting the Court to once again hold JZAVELA-ARETHEA DOUGHERTY in contempt of the Court and to also hold DATTAJUSTIN DOUGHERTY in contempt of the Court, and as grounds therefore would show the Court as follows:

### I.  PROCEDURAL AND FACTUAL BACKGROUND

1.      On July 2, 2021, U.S. Bank moved to obtain an order from this Court **[Dkt. # 85]** finding Jzavela-Arethea Dougherty in contempt of court for violating provisions of this Court's March 16, 2021 Memorandum and Order **[Dkt. #63]** and May 3, 2021 Order of Sale **[Dkt. #66]**[1].

---

[1] U.S. Bank incorporates by reference their Motion for Order of Contempt [Dkt. #85] and all attachments to same as though fully filed and stated herein.  Although U.S. Bank did not previously move for sanctions against Dattajustin Dougherty, because Jzavela-Arethea Dougherty was the only plaintiff listed on the two state court actions filed subsequent to this one, the egregiousness of the actions complained about in this motion compel U.S. Bank to include Dattajustin Dougherty in this motion.   All of the arguments and evidence previously submitted to this Court in [Dkt. #85] related to refusing to vacate the property per the Court's Order of Sale all apply to Dattajustin Dougherty as well.  Rather than restate the previous motion in this current motion, U.S. Bank asks the Court to

After holding a hearing on the contempt motion on July 12, 2021, the Court GRANTED the motion for contempt and entered an order as follows:

> Defendant Jzavela-Aretha Dougherty is directed to vacate the property in question. Defendant Dougherty is liable to Plaintiff for $100 for every day she does not vacate the property. Defendant Dougherty is also liable to Plaintiff for attorneys fees incurred as a result of the two state court lawsuits filed after this Court issued [63] Memorandum & Order. It is so ordered.

JZAVELA-ARETHEA DOUGHERTY was aware of the Court's contempt orders because she attended the hearing during which the Court's ruling was announced.  JZAVELA-ARETHEA DOUGHERTY and DATTAJUSTIN DOUGHERTY as parties to this litigation both have notice of this Court's rulings and access to this Court's docket.

2.       On July 26, 2021, this Court entered its Order Confirming Sale **[Dkt. #98]**, and per the Order of Sale, "[o]n confirmation of the sale, all interests in, liens against, or claims to the Property that are held or asserted by all defendants are discharged." **[Dkt. #66]**.  On July 29, 2021, the U.S. Marshal deeded the property to U.S. Bank, and the deed was recorded the same day.  *See* **Exhibit A**, attached hereto.  U.S. Bank is the owner of the property commonly known as  2534 Splintwood Court, Kingwood, TX 77345 ("the property").

3.       On June 3, 2021, a representative from Alta Realty Company, a company U.S. Bank retained to oversee the property, accompanied U.S. Marshal Castro to the property, changed the locks to the doors on the property, and installed a lockbox per this Court's Order of Sale **[Dkt. #82]**.  *See* Declaration of Rochelle Jones, attached hereto as **Exhibit B**.  At that time, U.S. Marshal Castro physically removed JZAVELA-ARETHEA DOUGHERTY and DATTAJUSTIN DOUGHERTY from the property **[Dkt. #82]**.  Since that time, U.S. Bank's real estate company has performed weekly visits to the property.  **Exhibit B**.  On or about August 1, 2021, when performing the weekly visit to the property, the real estate company agent was unable to gain access to the property.  *Id.*  Sometime between the real estate agent's weekly visit

---

adopt the previous motion as though the same allegations regarding Jzavela-Arethea Dougherty's refusal to vacate the property were also reiterated here against Dattajustin Dougherty.

to the property at the end of July 2021 and the August 1, 2021 visit to the property, someone, presumably JZAVELA-ARETHEA DOUGHERTY and DATTA-JUSTIN DOUGHERTY or someone acting at their request, changed out the locks to the doors of the property, removed the real estate agent's lockbox on the property and posted a notice on the door of the property. *Id.* The real estate agent was not able to locate the lockbox, and the person who removed the lockbox would likely have had to destroy the lockbox in order to remove it. *Id.* Photographs of the unauthorized front door lock and the notice posted on the door are attached as **Exhibit B-1** and Exhibit B-2 to this motion.

4.      JZAVELA-ARETHEA DOUGHERTY and DATTAJUSTIN DOUGHERTY have repeatedly shown their utter disregard for this Court's orders and authority. Their changing the locks and destruction of personal property after this Court had already found JZAVELA-ARETHEA DOUGHERTY in contempt illustrates their complete and total disrespect to the Honorable Keith Ellison and the judicial process in general. The Dougherties' flagrant violation of this Court's orders illustrates that monetary sanctions are insufficient to bring the Dougherties in compliance with this Court's orders. JZAVELA-ARETHEA DOUGHERTY and DATTAJUSTIN DOUGHERTY are willfully trespassing on US Bank's property and flagrantly violating numerous direct orders of this Court.

## II. ARGUMENTS & AUTHORITY

5.      Courts possess the inherent authority to enforce their own injunctive decrees through civil contempt orders, and a district court may do so even after final judgment to vindicate the sanctity of both its prior orders and the court system. *Farmhand, Inc. v. Anel Eng'g Indus.*, 693 F.2d 1140, 1145 (5th Cir. 1982); *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985); *Brown v. Braddick*, 595 F.2d 961, 965 (5th Cir. 1979) (holding that district court retained jurisdiction to issue civil contempt order following final judgment where judgment had not been appealed or superseded); *Prater v. Commerce Equities Management Co.*, H-07-02349,

2009 WL 172826 at *1 (S.D. Tex. 2009) (Rosenthal, J.) (same). Civil contempt orders have two primary purposes: "to enforce, through coerciveness, compliance with a court's order . . . [and] to compensate a party who has suffered unnecessary injuries or costs because of the contemptuous conduct." *United States v. Slaughter*, 900 F.2d 1119 (7th Cir. 1990) (citing *Shillitani v. United States*, 384 U.S. 364, 370-71, 86 S.Ct. 1531, 1535-36, 16 L.Ed.2d 622 (1966); *United States v. United Mine Workers*, 330 U.S. 258, 304, 67 S.Ct. 677, 701, 91 L.Ed. 884 (1947); *In re Hunt*, 754 F.2d 1290, 1293 (5th Cir.1985); *Smith v. Sullivan*, 611 F.2d 1050, 1053 (5th Cir.1980); *United States v. Rizzo*, 539 F.2d 458, 463 (5th Cir.1976)). A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence: (1) that a court order was in effect; (2) the order required certain conduct by the respondent; (3) the respondent failed to comply with the Court's order; and (4) the respondent knew of the Court's order. *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 581-82 (5th Cir. 2005); *Shafer v. Army & Air Force Exchange Service*, 376 F.3d 386, 396 (5th Cir. 2004); *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995); *Symetra Life Ins. Co. v. Rapid Settlements, Ltd*., No. H-05-3167, 2007 U.S. Dist. LEXIS 40332 at *14-15 (S.D. Tex. 2007). Failure to comply consists of not taking "all the reasonable steps within [one's] power to insure compliance with the order." *Dynamic Sports Nutrition, Inc. v. Roberts*, No. H-08-1929, 2009 U.S. Dist. LEXIS 131145 at *7 (S.D. Tex. 2009) (quoting *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 406 (9th Cir. 1976), cert. denied, 430 U.S. 931, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977). The clear and convincing evidence standard is higher than the "preponderance of the evidence" standard common in civil cases, but not as high as "beyond a reasonable doubt." *Travelhost*, 68 F.3d at 961 (citing *United States v. Rizzo*, 539 F.2d 458, 465 (5th Cir. 1976)); *Symetra Life Ins.*, H-05-3167 at *15. Clear and convincing evidence, in the context of a contempt proceeding, is that

weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case. *Travelhost*, 68 F.3d at 961; *Symetra Life Ins.*, H-05-3167 at *16.

6.      The contemptuous conduct at issue need not be willful so long as the contemptor actually failed to comply with the Court's order. *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000); *Symetra Life Ins.*, H-07-3167 (Docket Entry No. 148 at p. 10). It is clear, however, that good faith, advice of counsel, or belief that compliance is not possible are not valid defenses to a contempt charge. *United States v. Transocean Offshore, Inc.*, 276 F.3d 725, 728 (5th Cir. 2002); *United States v. McCargo*, 783 F.2d 507, 511 (5th Cir. 1986).

7.      Once the Court finds contempt, it has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process. *Test Masters, Inc.*, 428 F.3d at 582 (citing *American Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000)). There are two types of contempt – civil and criminal. *See International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 114 S.Ct. 2552, 2556-57, 129 L.Ed.2d 642 (1994). Criminal contempt is a crime "in the ordinary sense" and thus, all the constitutional rights afforded criminal defenses must be provided to those charged with criminal contempt. *Id.* By contrast, civil contempt constitutes penalties "designed to compel future compliance with a court order, are coercive in nature and avoidable through compliance. *Id.* For these reasons, a court may impose civil contempt sanctions in an ordinary civil proceeding upon notice and an opportunity to be heard, and the court need not provide a jury trial. *Id.*

8.      In the present case, on May 03, 2021, this Court specifically ordered all occupants

of the Property to leave the property within 30 days of entry of the Order of Sale. U.S. BANK has shown by clear and convincing evidence that JZAVELA-ARETHEA DOUGHERTY and DATTAJUSTIN DOUGHERTY had knowledge of the Court's March 16, 2021 Judgment and the May 3, 2021 Order of Sale. U.S. BANK has shown by clear and convincing evidence that JZAVELA-ARETHEA DOUGHERTY and DATTAJUSTIN DOUGHERTY failed to comply with the Order by continuing to stay on the property even after the Federal Marshal had them removed. U.S. BANK has shown by clear and convincing evidence that JZAVELA-ARETHEA DOUGHERTY blatantly disregarded this Court's July 12, 2021 contempt order. There can be no doubt that JZAVELA-ARETHEA DOUGHERTY and DATTAJUSTIN DOUGHERTY are in contempt of this Court's Order of Sale. Accordingly, this Court should take immediate action to enforce its orders. JZAVELA-ARETHEA DOUGHERTY and DATTAJUSTIN DOUGHERTY are vexatious litigants who have no regard for the orders, rules and procedures of this Court. They will continue their contemptuous behavior unless this Court holds them in contempt and sanctions them accordingly.

## III. PRAYER

WHEREFORE, PREMISES CONSIDERED, U.S. BANK respectfully requests that the Court conduct a hearing as soon as practical to determine the basis for JZAVELA-ARETHEA DOUGHERTY'S and DATTAJUSTIN DOUGHERTY'S failure to comply with the Court's May 3, 2021 Order of Sale and July 12, 2021 Contempt Order and that both be commanded to appear in person and show cause as to why they should not be held in further contempt of the Court; Plaintiff requests that it's lawyers be allowed to attend the hearing on this motion by telephone or zoom;

FURTHER, U.S. Bank respectfully requests this Court, upon finding that JZAVELA-ARETHEA DOUGHERTY'S and DATTAJUSTIN DOUGHERTY are in contempt, to enter an

Order authorizing and directing the United States Marshal and his/her deputies: (1) to take all actions that are reasonably necessary to bring about the ejectment of JZAVELA-ARETHEA DOUGHERTY and DATTAJUSTIN DOUGHERTY from the Property and/or any other unauthorized person occupying the property; (2) to take all actions necessary to return the property to U.S. Bank, including, but not limited to, retaining or supervising a locksmith or other person to change or install locks or other security devices on any part of the property; and (3) to take JZAVELA-ARETHEA DOUGHERTY and DATTAJUSTIN DOUGHERTY into custody should they remain on and/or re-enter the Property, including the land on which the improvements on the Property lies, or should they in any way interfere with or hamper U.S. Bank's access to or possession of the Property after the United States Marshal returns the property to U.S. Bank.

FURTHER, U.S. Bank respectfully requests this Court, upon finding JZAVELA-ARETHEA DOUGHERTY and DATTAJUSTIN DOUGHERTY in contempt, to order them to pay all costs of this proceeding, including U.S. BANK'S reasonable attorneys' fees to draft and file this motion to prove their contempt and to attend the hearing on this motion in the amount of at least $2,500.00, the testimony supporting an award of same to be provided at said hearing;

FURTHER, U.S. BANK respectfully requests this Court to order JZAVELA-ARETHEA DOUGHERTY and DATTAJUSTIN DOUGHERTY to pay the costs of the U.S. Marshal's efforts in effectuating all activities to again take possession and control of the Property and to return the Property to US Bank; and

FURTHER, U.S. BANK requests such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,


ANDERSON ★ VELA, L.L.P.
4920 Westport Drive
The Colony, Texas 75056
214.276.1545 – Telephone
214. 276.1546 – Facsimile

ATTORNEYS FOR PLAINTIFF US BANK


By: */s/ Ray L. Vela*                                    .
     RICHARD E. ANDERSON
     Texas State Bar No. 01209010
     RAnderson@AndersonVela.com  – E-mail
     RAY L. VELA
     State Bar No. 00795075
     S.D. Tex. Fed ID No. 20354
     RVela@AndersonVela.com – E-mail


<u>CERTIFICATE OF CONFERENCE</u>

      I certify that on this the 4th day of August 2021, I spoke by telephone with NICKOLAS A. SPENCER, Esq. counsel for Jzavela-Arethea Dougherty and Dattajustin Dougherty the instant case and discussed his client's position as to the filing of this motion.  Mr. Spencer told me that he intends to withdraw as counsel of record in this case and he does not have a position regarding this motion.  As of the date of this filing Mr. Spencer remains the attorney for record for Jzavela-Arethea Dougherty and Dattajustin Dougherty in the instant case.


               *By: /s/ Ray  L.  Vela*                      .
                 Ray L. Vela

<u>CERTIFICATE OF SERVICE</u>

I certify that on this the 10th day of August 2021, a true copy of the above document has been delivered to all defendants/parties in this case pursuant to the Federal Rules of Civil Procedure.

<u>SERVICE LIST</u>

NICKOLAS A. SPENCER, Esq.  VIA E-FILING SERVICE AND/OR
9100 SOUTHWEST FRWY, STE 122 by E-Mail: nas@naslegal.com
HOUSTON, TX  77074
*Attorney for Defendants Jzavela-Arethea*
*Dougherty & DattaJustin Toshihiro*
*Dougherty-Williams*

Michael S. Dougherty
Pro Se
By e-mail: leanagileenterprises@gmail.com

INTERNATIONAL BANK OF   BY REGULAR US MAIL
COMMERCE
ATTN: DENNIS NIXON
3800 MAPLE AVE.
DALLAS, TX 75219

By: */s/ Ray L. Vela*  .
   Ray L. Vela

# EXHIBIT "A"

RP-2021-430395   07/29/2021   ER   $26.00

---

**U.S. Department of Justice**
United States Marshals Service
# UNITED STATES MARSHAL'S QUIT CLAIM DEED

---

*This Deed* is made and entered into this ___28 th___ day of July, 2021, effective July 6, 2021, between T. Michael O'Connor, United States Marshal for the Southern District of Texas, hereinafter as "Grantor", whose address is 515 Rusk Street, 10th Floor, Houston, TX 77002 and US Bank Trust, N.A. as Trustee of the Igloo Series III Trust, hereinafter as "Grantee", whose address is: US Bank Trust, N.A. as Trustee of the Igloo Series III Trust c/o Richard E. Anderson, Esq., 4920 Westport Drive, The Colony, Texas 75056.

*Witnesseth,* that on the 16th day of March, 2021, in Case No. 4:20-cv-01082, in the United States District Court for the Southern District of Texas, Houston Division, US Bank Trust N.A. as Trustee of the Igloo Series III Trust, Plaintiff, recovered a judgment against Defendants Michael Dougherty, Jzavela-Arethea Dougherty, Dattajustin Toshihiro Dougherty-Williams, and International Bank of Commerce in the amount of $398,839.30, with said judgment becoming final on the 14th day of April 2021. That on the 3rd day of May, 2021, the United States District Court for the Southern District of Texas issued an Order of Sale directing the United States Marshal to offer for public sale and to sell the property specifically described as follows: **LOT FORTY-TWO (42), IN BLOCK TWO (2), OF VILLAGES OF RIVERCHASE, SECTION ONE (1), AN ADDITION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER FILM CODE NO. 580158 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS** (the "Property"). The Property is also commonly known as: 2534 Splintwood Court, Kingwood, Texas 77345. The Property was advertised for sale by the United

---

UNITED STATES MARSHAL'S QUIT CLAIM DEED - Page 1 of 3
Case No. 4:20-cv-01082

States Marshal according to law and court order, then on the 6th day of July, 2021, the Property

was sold at a public sale at the Bayou Events Center, 9401 Knight Road, Houston, TX 77045 to

US Bank Trust, N.A. as Trustee of the Igloo Series III Trust c/o Richard E. Anderson, Esq. in the

amount of $398,839.30.  The sale of the Property was duly approved and confirmed by the United

States District Court for the Southern District of Texas in Case No. 4:20-cv-01082 by court order

dated July 26, 2021.

 ***Now, Therefore,*** I, Grantor, United States Marshal for said District, by virtue of my office,

and by force of the statutes in such cases, and for $398,839.30 and other valuable consideration,

via a credit bid do hereby grant, bargain, sell, set over, and forever quitclaim unto Grantee all the

right, title, interest, and claim which Defendants Michael Dougherty, Jzavela-Arethea Dougherty,

Dattajustin Toshihiro Dougherty-Williams, and International Bank of Commerce had on July 6,

2021 in the parcel of land and all improvements thereon located at and described as: **LOT**

**FORTY-TWO (42), IN BLOCK TWO (2), OF VILLAGES OF RIVERCHASE, SECTION**

**ONE (1) , AN ADDITION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP**

**OR PLAT THEREOF RECORDED UNDER FILM CODE NO. 580158 OF THE MAP**

**RECORDS OF HARRIS COUNTY, TEXAS** (the "Property").  The sale of the Property shall

be free and clear of the interests of Defendants Michael Dougherty, Jzavela-Arethea Dougherty,

Dattajustin Toshihiro Dougherty-Williams, and International Bank of Commerce.

 TO HAVE AND TO HOLD the Property unto Grantee US Bank Trust, N.A. as Trustee of

the Igloo Series III Trust, its successors and assigns, together with any and all appurtenances and

privileges thereto.

 ***In Witness Whereof,*** for the conveyance of the real property and improvements thereon

commonly known as 2534 Splintwood Court, Kingwood, Texas 77345 and legally described as

LOT FORTY-TWO (42), IN BLOCK TWO (2), OF VILLAGES OF RIVERCHASE, SECTION

ONE (1) , AN ADDITION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR

PLAT THEREOF RECORDED UNDER FILM CODE NO. 580158 OF THE MAP RECORDS

OF HARRIS COUNTY, TEXAS, I have set my hand and seal this 28th day of July, 2021.


Deputy United States Marshal Joseph Castro
for United States Marshal T. Michael O'Connor
Southern District of Texas


STATE OF TEXAS          §
                        §
COUNTY OF HARRIS        §

On this 28th day of July, 2021, before me, the undersigned notary public, personally

appeared Joseph Castro, known to me to be the person whose name is subscribed to the within

instrument and acknowledged that he executed the same for the purposes therein contained



MALISSA MARTINEZ
My Notary ID # 130958294
Expires January 11, 2025

Malissa Martinez, Notary Public


After recording, return to:

Richard E. Anderson, Esq.
Anderson * Vela, LLP
4920 Westport Drive
The Colony, Texas 75056


UNITED STATES MARSHAL'S QUIT CLAIM DEED - Page 3 of 3
Case No. 4:20-cv-01082

RP-2021-430395

RP-2021-430395

# Pages 4

07/29/2021 03:51 PM

e-Filed & e-Recorded in the

Official Public Records of

HARRIS COUNTY

TENESHIA HUDSPETH

COUNTY CLERK

Fees   $26.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.

COUNTY CLERK
HARRIS COUNTY, TEXAS

EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| US BANK TRUST, N.A., AS TRUSTEE OF THE IGLOO SERIES III TRUST, | § § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | Civil Action No. 4:20-CV-01082 |
| | § | |
| MICHAEL S. DOUGHERTY,  JZAVELA- | § | |
| ARETHEA DOUGHERTY, DATTAJUSTIN | § | |
| TOSHIHIRO DOUGHERTY-WILLIAMS, AND | § | |
| INTERNATIONAL BANK OF COMMERCE, | § | |
| Defendants. | § | |

## **<u>DECLARATION OF ROCHELLE JONES</u>**

1.      I, Rochelle Jones, make this Declaration pursuant to 28 U.S.C. § 1746.  I am over the age of twenty-one (21), of sound mind, have never been convicted of a crime involving moral turpitude and am fully competent to provide this testimony and swear to the matters herein.  The facts stated herein are within my personal knowledge and are true and correct.

2.      I am employed as a real estate agent for ALTA REALTY COMPANY, who is the real estate agent for US BANK TRUST, N.A., AS TRUSTEE OF THE IGLOO SERIES III TRUST related to the property located at 2534 Splintwood Ct., Kingwood, Texas 77345 (the "Property").  By virtue of my employment with ALTA REALTY COMPANY, I have personal knowledge about the Property and events related to the Property as stated in this Declaration.

3.      On June 3, 2021, an agent from ALTA REALTY COMPANY met with U.S. Marshal Castro at the Property and effectuated the changing of the locks on the doors of the Property and the installation of a real estate agent lockbox on the Property.  The purpose of the lockbox was to allow authorized agents of ALTA REALTY COMPANY and U.S. Bank access to

the Property as needed.  Attached hereto and incorporated by reference as Exhibit B-3, is a true and correct copy of an image that accurately depicts the condition of the front door of the Property as it existed on or about June 19, 2021 that shows the real estate agent lock-box described herein.

4.       Since June 3, 2021, agents of ALTA REALTY COMPANY, myself included, have used the lockbox to gain entry into the Property on a weekly basis at a minimum.  Agents of ALTA REALTY COMPANY were able to access the Property through late July 2021 until August 1, 2021 at which time it was discovered that the lockbox was no longer on the Property, that the entry locks to the Property had been changed, and that a notice was posted on the front door of the Property.  No one, including U.S. Bank, directed agents of ALTA REALTY COMPANY to remove the lockbox.  An unauthorized removal of the lockbox from the Property would require the lockbox to be destroyed.  As of the making of this Declaration, the lockbox has not been returned to ALTA REALTY COMPANY and is presumed destroyed.

5.       Attached hereto as Exhibit B-1 is an image that accurately depicts the unauthorized electronic door lock that was installed on one of the doors of the Property as it existed on August 1, 2021.  No person from my company and no agent for US Bank installed the electronic door lock shown on Exhibit B-1.  The electronic door lock depicted in Exhibit B-1 was not present at the property on June 3, 2021 when our office changed the locks to the Property.

6.       Attached hereto as Exhibit B-2 is a photograph that accurately depicts the notice posted at the Property as it existed on August 1, 2021.  This notice was posted on the inside of one of the doors to the property.

7.       ALTA REALTY COMPANY also set up utilities on the Property after discovering that same had been disconnected.

**DECLARATION OF ROCHELLE JONES**  -  Page 2 of 6
Civil Action No. 4:20-CV-01082

8.      ALTA REALTY COMPANY has also received several reports from neighbors and members of the Property Homeowner's Association that Jzavela-Arethea Dougherty and Dattajustin Dougherty have been trespassing on the Property.

9.      I have concerns about my safety and those of other agents of ALTA REALTY COMPANY or any other authorized personnel who perform their duties on the Property as long as any unauthorized persons continue to trespass on the Property.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Executed this 9th day of August 2021.


Printed Name: Rochelle Jones

**DECLARATION OF ROCHELLE JONES**  -  Page 3 of 6
Civil Action No. 4:20-CV-01082

EXHIBIT B-1

Photo taken on August 1, 2021 of keypad lock placed on property by third party



EXHIBIT B-2

Photo of notice posted on Property on 08/01/2021



EXHIBIT B-3

Front door of Property as depicted on June 19, 2021 with lockbox on front door

